ELIZA M. ABBE, complainant-respondent,

*v.*

FRANK M. DONOHUE and SAINT PETER'S CATHOLIC CHURCH OF NEW BRUNSWICK, NEW JERSEY, defendants-appellants.

[Submitted March term, 1919. Decided June 17th, 1919.]

1. Three sisters in New Brunswick made a deed to Saint Peter's Catholic Church of New Brunswick, New Jersey, in order to put the land in hands which would keep it forever out of the possession of Rutgers College. The deed was handed to Dr. Frank M. Donohue, by one of the grantors in the presence of the other two, the friend and agent of the grantors, to be handed over to the church, when the last of the sisters had died. After two of the sisters had died, one of them filed this bill to have the deed set aside. The deed provided, that the land should be held subject to the use of the grantors for and during the terms of their natural lives.—*Held*, that this did not constitute a delivery of the deed.

2. To constitute a good delivery; it must appear from the circumstances of the transaction, that it was the grantors' intention to part with the deed and thereby put the title in the grantee, there must be a final absolute transfer of title.

3. So, there may be a delivery of a deed in escrow, but it must be absolute, and of such a nature, that the vendor loses dominion and control over the title of the property.

---

On appeal from a decree of the court of chancery.

*Mr. Peter F. Daly* and *Mr. Russell E. Watson,* for the appellants.

*Mr. Alfred F. Skinner, Mr. Carl A. Feick* and *Mr. Julian C. Harrison,* for the respondent.

The opinion of the court was delivered by

BLACK, J.

A bill of complaint was filed in the court of chancery by the respondent to have a deed dated June 22d, 1911, set aside, declared null and void and of no effect, on the ground that there was no present delivery of the deed. The deed was made by the respondent, Eliza M. Abbe, and her two sisters, Maria R. Martin and Serena A. Martin, to Saint Peter's Catholic Church of New Brunswick, New Jersey, for property located on the easterly side of College avenue, in the city of New Brunswick. A decree was made by the court of chancery in conformity to the prayer for relief in the bill of complaint, hence this appeal. A short narrative of the facts will show the situation under which the court of chancery made the decree.

On June 22d, 1911, Eliza M. Abbe, Serena A. Martin and Maria R. Martin, three sisters, executed the deed. The land described in the deed is a tract of land about six and seven hundredths acres. The deed provides, that the land and premises are to be kept in their entirety and the property to be used exclusively for charitable purposes, in connection with the work of the church. There shall be erected and maintained stone archways over the George street and College avenue entrances to

the property, on which shall be inscribed the words "Mahlon C. Martin Memorial Institute." A life estate was reserved to the grantors. The purpose of this deed, as shown by the testimony, was to put the land in hands which would keep it forever out of the possession of Rutgers College. There was no consideration actually paid for the deed. The grantors retained possession of the land. The deed was placed in a sealed envelope and delivered to one of the appellants, Dr. Frank M. Donohue. On the outside of the envelope were written the following endorsements:

"The within deed is this day delivered to Dr. F. M. Donohue for Saint Peter's Catholic Church of New Brunswick, New Jersey, and is to be handed him, or the person designated by him, to the rector of the said church upon the death of the survivor of us.

"Dated June 22d, 1911.    ·    SERENA A. MARTIN.
"Witness    ,    ELIZA M. ABBE.
"W. E. FLORENCE.     MARIA R. MARTIN.
"Presented by his family in enduring remembrances of their brother. In case of my death, my executors shall deliver this package unopened to Millard F. Ross, who is hereby authorized to carry out the provisions therein contained.

"FRANK M. DONOHUE.

"February 21st. 1917, the seals on this envelope were broken by Frank M. Donohue in the presence of Mahlon C. Martin, Jr. (who was a nephew of the grantors), at the request of Miss Maria R. Martin.

"FRANK M. DONOHUE.

"Attest: MAHLON C. MARTIN, JR."

On December 13th, 1912, Miss Serena A. Martin died. On February 9th, 1918, Miss Maria R. Martin died. The deed remained in Dr. Donohue's possession and nothing was done until April 2d, 1918, when this bill was filed by the complainant, Eliza M. Abbe, one of the grantors. Dr. Donohue was the agent of the grantors to pass the deed to the grantee upon the decease of the last surviving grantor. At the time of the execution of the deed in handing it to Dr. Donohue, one of the grantors, in the presence of the other two, said: "Doctor Donohue, will you take charge of this paper and carry out its instructions for us?" The question, therefore, is, Did this constitute a legal delivery of the deed? The court of chancery held that it did not; with this conclusion of that court we concur.

In legal phraseology delivery means, the final absolute transfer of title to the grantee of a complete legal instrument, by the grantor. *Black* v. *Shreve, 13 N. J. Eq. 455, 461.*

In affirming the decree of the court of chancery in the case of *Watson* v. *Magill, 97 Atl. Rep. 43; 85 N. J. Eq. 592,* this court adopted the language used by Vice-Chancellor Leaming thus: A deed can be delivered in escrow, and the escrow can provide for the second or subsequent delivery at the death of the vendor; but in order, that it may be effective the delivery in escrow must be absolute. It must be of such nature, that the title of the property passes from the vendor, that the vendor loses dominion and control over the title of the property; not over the possession, he may retain possession, but over the title. This seems to be elementary. *8 R. C. L. ¶ 45 et seq. 973; 13 Cyc. 561, 569.* This point was under consideration by this court in the case of *Schlicher* v. *Keeler, 67 N. J. Eq. 635, 639.* There it was said, to constitute a good delivery, it must appear from the circumstances of the transaction, that it was the grantor's intention to part with the deed and thereby put the title in the grantee. It is not a valid delivery of a deed conveying land, when it appears, that the intention of the grantor was that the delivery should relate to the date of the death of the grantor. The point was under consideration by the court of chancery in the case of *Rowley* v. *Bowyer, 75 N. J. Eq. 80,* where many cases are analyzed and reviewed and many citations collected by Vice-Chancellor Leaming. The record shows clearly and without controversy, that Dr. Donohue was not in any way representing the church. He so states frankly and further says he was acting because Miss Maria R. Martin asked him to so act and for no other reason. The delivery of a deed is a question of fact, the intent of the grantor to make the conveyance effective must appear. *Jones* v. *Swayze, 42 N. J. Law 279, 282.*

We conclude, therefore, there was no present delivery of the deed by the grantors—there was no intention by them to part with all control and dominion over the instrument and the property. It was not an absolute delivery to Dr. Donohue, and it was not meant to pass title immediately. On the contrary, it was meant that the sisters should retain a life right and the title

should not pass until after their death. *Schlicher* v. *Keeler, 67 N. J. Eq. 640.* It attempts to create an estate in fee-simple to take effect *in futuro,* when there is no particular estate to support it. .

This view disposes of the case. It is unnecessary to consider the other interesting points argued in the briefs of the respective counsel.

The decree of the court of chancery is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.

*For reversal*—None.